# CASES DETERMINED

IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA.

AT THE JUNE TERM THEREOF, HELD AT WHEELING,
IN THE COUNTY OF OHIO, COMMENCING ON THE
SEVENTH DAY OF JUNE, 1877, AND ENDING ON
THE SEVENTH DAY OF JULY, 1877.

THE OHIO VALLEY IRON WORKS *v.* THE TOWN OF
MOUNDSVILLE.

Decided July 7, 1877.

1. The Statute of 1872-3, chapter 141, §1, which provides that "all
municipal corporations for the government of cities, towns
and villages in this state, are hereby authorized to issue their
bonds and to sell them," &c., does not authorize the town of
Moundsville to issue its bonds and donate them to the Ohio
Valley Iron Works in aid of said company's manufacturing and
mining enterprise, it not being for the municipal or public
purposes of said town.

2. All said bonds are illegal, null and void.

1877.
June Term.

The Ohio Valley
Iron Works
v.
The Town of
Moundsville.

3. The town has no authority to levy a tax for the purpose of paying said bonds.

4. A *mandamus nisi* sued out to compel such levy of a tax should be dismissed.

On the 4th day of November, 1876, the circuit court of the county of Marshall, overruled a demurrer, filed by The Ohio Valley Iron Works, to a return made by The Town of Moundsville, to a *mandamus nisi*, issued upon the petition of The Ohio Valley Iron Works, and rendered a judgment dismissing said *mandamus nisi*.

This is an appeal from and *supersedeas* to said judgment, granted upon the petition of The Ohio Valley Iron Works.

Hon. Thayer Melvin, Judge of the first judicial circuit, rendered the judgment complained of.

MOORE, JUDGE, who delivered the opinion of the Court furnishes the following statement of the case.

Article 10, §9, Constitution of 1872, declares: "The Legislature may, by law, authorize the corporate authorities of cities, towns and villages, for corporate purposes, to assess and collect taxes; but such taxes shall be uniform, with respect to persons and property within the jurisdiction of the authority imposing the same."

The eighth section of the same article of said Constitution declares: "No county, city, school district, or municipal corporation, except in cases where such corporations have already authorized their bonds to be issued, shall hereafter be allowed to become indebted, in any manner, or for any purpose, to an amount, including existing indebtedness, in the aggregate, exceeding five per centum on the value of the taxable property therein to be ascertained by the last assessment for state and county taxes, previous to the incurring of such indebtedness; nor without, at the same time, providing for the collection of a direct annual tax, sufficient to pay an-

nually, the interest on such debt, and the principal thereof, within, and not exceeding thirty-four years.

1877.
June Term.
The Ohio Valley
Iron Works
v.
The Town of
Moundsville.

*Provided,* That no debt shall be contracted under this section, unless all questions connected with the same, shall have been first submitted to a vote of the people, and have received three-fifths of all the votes cast for and against the same."

The Legislature, pursuant to said section eighth, by chapter 141, acts 1872-3, authorized, "all municipal corporations for the government of cities, towns and villages in this State," " to issue their bonds, and to sell the same : *Provided,* That no such corporation shall by such issue and sale of bonds, cause the aggregate of its debt of every kind whatsoever, to exceed five per centum on the value of taxable property therein, which value shall be ascertained by the last assessment for state and county taxes previous to the issue of such bonds ; nor shall they make such issue and sale, without at the same time providing for the collection of a direct annual tax, sufficient to pay annually the interest on such debt, and the principal thereof within and not exceeding thirty-four years. But no city, town, or village, shall ever impose or exact from the inhabitants thereof, a greater amount annually than the following rates," &c.

It appears from a certified copy of the record and proceedings of the council of the town of Moundsville, that the said council on the 26th day of January, 1874, adopted a resolution declaring that they deemed it "expedient for the town of Moundsville to issue its bonds for $10,000.00 to the Ohio Valley Iron Works, payable in ten years from the date thereof, with interest at 6 *per cent per annum,* payable annually."

### PROCLAMATION.

"An election of the legal voters of the town of Moundsville, will be held at the Court House and the Latrobe Hotel, the usual places of holding municipal elections within the said town, on the 14th day of Feb-

1877.
June Term.

The Ohio Valley
Iron Works
v.
The Town of
Moundsville.

ruary, 1874, under the supervision and control of the proper officers for holding such elections, upon the ratification or rejection of the following

ORDINANCE:

"*It is ordained by the Council of the town of Moundsville,* That ten thousand dollars ($10,000.00) is hereby donated by the town of Moundsville to the Ohio Valley Iron Works, payable in ten years from the 1st day of March, 1874, with interest thereon at the rate of 6 per cent per annum, payable annually. No bonded debt of the town of Moundsville exists."

"The person voting for the ratification of the ordinance aforesaid shall have written or printed upon his ballot the words 'for ratification,' and the person voting against ratification shall have written or printed upon his ballot the words 'for rejection.'"

"Teste:        "JOHN FERGUSON, *Mayor.*

"H. W. HUNTER, *Clerk of the Town of Moundsville.*

"*January* 25, 1874."

On motion, the council adjourned to meet on Monday, February 16, 1874.

JOHN FERGUSON, *Mayor.*

H. W. HUNTER, *Clerk.*

COURT HOUSE, February 16, 1874.

The council assembled pursuant to its adjournment with Mayor Ferguson in the chair; members present: —Messrs Gallaher, Purdy, Harris and Hunter.

The minutes of the last meeting were read and approved.

The council proceeded to examine the returns of the election held on the 14th inst., in pursuance of the proclamation of the Mayor, whereupon Mr. Gallaher offered the following ordinance, which was, on his motion, adopted by the council:

1877.
June Term.

The Ohio Valley
Iron Works
v.
The Town of
Moundsville.

"At an election of the legal voters of the town of Moundsville, held on the 14th day of February, 1874, within the said town, the same being duly ordered and advertised, held and conducted, and the result thereof being certified and returned in all respects pursuant to law, the result thereof is here ascertained and declared to be as follows upon the ratification or rejection of the following ordinance:

" *It is ordained by the Council of the town of Moundsville,* That ten thousand dollars ($10,000.00) is hereby donated by the town of Moundsville to the Ohio Valley Iron Works, payable in ten years from the 1st day of March, 1874, with interest thereon at the rate of six per cent per annum, payable annually.

"VOTE—For ratification, two hundred and four (204) votes; " for rejection," eleven (11) votes. And therefore the said ordinance is hereby declared to be duly ratified and in full force and virtue, and John Ferguson, mayor of the town of Moundsville, is hereby authorized, instructed and empowered to make, sign, seal and isssue bonds of the town of Moundsville to the amount of $10,000,00, in such sums as the law requires, payable to the Ohio Valley Iron Works, or order, in ten years from the date thereof, with interest thereon at the rate of six per cent per annum, payable annually. The bonds are to be attested by the clerk and a due record of all the said bonds is to be kept and preserved by him in his office.

" *And it is further ordained,* That a direct annual tax sufficient to pay the interest on said bonds, and when required, the principal thereof, within ten years from the date of the said bonds, is hereby directed to be made, levied and collected on all the real estate and personal property within the town of Moundsville subject to state and county taxes."

On motion, the mayor and clerk, in connection with the committee on finance, were instructed to prepare and have printed the bonds to be issued.

1877.
June Term.

The Ohio Valley
Iron Works
v.
The Town of
Moundsville.

On motion, the clerk was instructed to procure a seal for the use of the town.

At a meeting of said council, April 13, 1874, " on motion, it was ordered that the following bonds of the town of Moundsville, viz: Three of the denomination of $1,000.00 each; eight of the denomination of $500.00 each; ten of the denomination of $200.00 each; and ten of the denomination of $100.00 each, payable to the Ohio Valley Iron Works, in pursuance of a former order of this council providing for the issue of $10,000.00 in bonds, payable ten years after date, as a donation to the said " Ohio Valley Iron Works," be signed by the mayor and clerk of the said town, and attested by the common seal of said town, and delivered to the authorized agent of said Ohio Valley Iron Works, after receiving a proper voucher or receipt therefor."

At a meeting of said council, May 8, 1874, the word " order" in the ordinance passed February, 16, was changed to " bearer."

At a special session of said council, August 11, 1874, it was ordained as follows:

" *Be it ordained by the Common Council of the Town of Moundsville,* That 50 cents be levied on the real and personal property of the town for the purpose of paying the annual interest and creating a sinking fund, as the law directs, on the bonded debt of the town, and that 30 cents be levied on the real and personal property of the town, for the purpose of repairing the sidewalks thereof, and the general contingent expenses of the town for the coming year."

It appears from the record, that upon the trial of this cause one of the bonds of March, 1874, for $500.00. marked No. 22—C, with nine coupons of $30.00 each attached, and numbered from two to ten inclusive—No. 1 having been detached—with the corporate seal of the town of Moundsville affixed, was offered and used in evidence. Said bond is in the words and figures following, to-wit:

BOND.

No. 22—C.

UNITED STATES OF AMERICA.

$500.00

1877.
June Term.

The Ohio Valley
Iron Works
v.
The Town of
Moundsville.

*State of West Virginia, Town of Moundsville:*

*Know all men by these presents,* That the town of Moundsville, in the State of West Virginia, is indebted to the Ohio Valley Iron Works, or bearer, in the sum of $500.00, which sum the said town of Moundsville promises to pay to the said Ohio Valley Iron Works, or bearer, ten years after date, at the office of the treasurer of said town, in said State, with interest thereon at the rate of six per cent per annum, payable annually at said treasurer's office, on the first day of every March succeeding the date hereof, until the principal shall be paid, on the delivery of the proper coupon therefor hereunto annexed.

This bond is issued for the purpose of raising money to pay in part the donation of the town of Moundsville to the capital stock of the Ohio Valley Iron Works, in pursuance of the act of the Legislature of West Virginia, approved December 2, 1873, authorizing municipal corporations to issue bonds—the aforesaid donation having been first duly approved by a majority of more than three-fifths of the voters of said town, voting thereon at the time and in the manner required by law.

Witness the common seal of said town of Moundsville, and the signatures of its mayor and clerk, this 1st day of March, 1874.

JOHN FERGUSON, *Mayor.*

H. W. HUNTER, *Clerk.*

[Corporate seal of the town of Moundsville.]

The Ohio Valley Iron Works, on the 25th day of September, 1876, filed its petition in the circuit court of Marshall county, praying for a *mandamus* from that court, to compel the corporate authorities of the town of Moundsville, to levy a tax pursuant to law, on all the

1877.
June Term.

The Ohio Valley
Iron Works
v.
The Town of
Moundsville.

real estate and personal property, within the town of Moundsville subject to state and county tax, sufficient to pay the interest overdue on said bonds for the year 1875, and unpaid to the petitioner.

The petition shows that the Ohio Valley Iron Works, is a corporation under and pursuant to the laws of West Virginia, operating within the corporate limits of the town of Moundsville, and duly incorporated on the 25th day of September, 1872, "chartered and organized for the purpose of acquiring lands, mining iron, limestone or coal, making pig-iron and the manufacturing of iron into bars, nails, and other merchantable articles, making castings and machinery required for the above, as set forth and specifically expressed in said act of incorporation," &c. The petition further shows : "That a donation of the sum of $10,000.00, by and on behalf of said town of Moundsville," in aid of the capital stock of said company, was deemed advisable and proper ; and that afterwards, on the 1st day of March, 1874, the donation was made by the issuing of said bonds, for the purpose, and in the manner as has been shown from the record and proceedings of said council, just quoted ; and that said council directed the levy of an annual tax sufficient to pay the interest on said bonds, and when required, the principal thereof, within " ten years" from date of said bonds, on all the real estate and personal property situated within said town subject to state and county taxes ; "that all said bonds thus issued, were afterwards, at an early day delivered to and accepted by the Ohio Valley Iron Works, and are now, and ever since have been, under the control of the said Iron Works as their own rightful property and as a part of their capital stock, subject to their own use in all their legitimate business operations, and that the legal interest thereon was, for the year 1874, paid by the said town of Moundsville." The petition further alleged, that all said bonds were received by the said company, "in aid of said rolling mill enterprise, and as an inducement thereto pursuant to their (said

company's) contract with said town; and that they (said company) fully relied upon the same as having been made and delivered to them in good faith by said town of Moundsville, and with full power and authority so to do;" that they in reliance upon said contract, expended large sums of money in the purchase of lands, in the erection and construction of buildings and machinery thereon, within the corporate limits of the town of Moundsville, designated and since used for rolling mill purposes, which have generally promoted the material interests of said town and the inhabitants thereof;" that the interest on said bonds "for the year 1875, became due and payable on the 1st day of March, 1876, and is now overdue and wholly unpaid, and that the town of Moundsville, by its mayor and common council, who were, and are, duly authorized in the premises, and whose duty it was so to do, although requested, never did or would order or make any levy of an annual tax sufficient to pay the interest for the year 1875, on said bonds, or for any part thereof, or for any other year except the year 1874, * * * nor to make any payment or provision of any kind for the payment of said interest, &c., * * * and refused so to do." The petition also alleged that said town had no property out of which the money could be paid, on execution, and that a resort to *mandamus* is necessary to compel the authorities to levy a tax for the payment thereof.

The circuit court, on the 25th day of September, 1876, ordered its clerk to issue a writ of *mandamus nisi*, directed to the said mayor and common council; which writ said clerk did issue accordingly September 27, 1876, on which last said day, the defendant made its return to said writ, in the language following:

For return to the said *mandamus*, the defendant says it has not levied a tax on the people and property of the town for the payment of plaintiff's claim, described in its petition and writ, and for cause why it has not done the same, here shows to the court:

1877.
June Term.

The Ohio Valley Iron Works
v.
The Town of Moundsville.

1877.
June Term.

The Ohio Valley
Iron Works
v.
The Town of
Moundsville.

1st. That said writ is not sufficient in law.

2d. That the bonds claimed and described by plaintiff were not issued for a municipal purpose, and the town of Moundsville is a municipal corporation having no power to levy taxes except for municipal purposes.

3d. The plaintiff is a private corporation, owned and operated by individuals for private purposes exclusively, and the town of Moundsville has no stock or interest therein, nor any right to any direction or control of its affairs, and has never had any such interest or control.

4th. That the town of Moundsville never received any consideration for said bonds—they having been unlawfully given to the plaintiff as a donation.

5th. That the supposed claim of the plaintiff and the bonds issued to the plaintiff were made and issued in defiance of the laws of this State, and contrary to the laws of the United States of America, in this, that they were not issued for a public or a municipal purpose.

6th. That defendant has been perpetually enjoined from levying said taxes by this honorable court in the case lately pending, wherein J. Dallas Ewing and others were plaintiffs, and this defendant was there defendant.

7th. That plaintiff has not, and defendant is advised and believes it could not, establish its claim and obtain any judgment at law or in equity against this defendant founded on the bonds and claim of plaintiff mentioned in its petition and writ.

8th. That defendant cannot lawfully levy such tax.

To said return the petitioner demurred, and thereupon the cause was argued and submitted, and the court on the 4th day of November, 1876, overruled said demurrer, dismissed the *mandamus nisi*, ordered the cause to be dropped from the docket, and adjudged that the plaintiff pay defendant its costs in this behalf expended, &c. To which judgment the Ohio Valley Iron Works then and there excepted, and petitioned for an appeal from, and *supersedeas* to, said judgment, which were granted by a judge of this Court.

1877.
June Term.

The Ohio Valley
Iron Works
v.
The Town of
Moundsville.

*Holliday & Parkinson*, for plaintiff below and plaintiff in error, referred to :

Constitution W. Va., Art. 10, Sec. 8 ; *Washington, Alexandria and Georgetown R. R. Co.* v. *Alexandria and Washington R. R. Co.*, 20 Gratt., 31 ; *Slack et al.* v. *Jacob et al.*, 8 W. Va., 637 ; *Stewart* v. *Supervisors of Polk Co.*, 30 Iowa, 9; *Lewis, trustee* v. *McElbain*, 16 Ohio, 347 to 599; Staples, Judge, in *Town of Danville* v. *Pace*, 25 Gratt., 9 ; *McGunnigle* v. *McKee*, 77 Pa. St., 81 ; 13 Gratt., 86 ; 14 Gratt., 387 ; 6 W. Va., 574 ; 8 W. Va., 703 ; Miller, Justice, in *Loan Association* v. *Topeka*, 20 Wall, 658 ; *Lowell* v. *City of Boston*, 111 Mass., 454 ; *Curtis* v. *Whipple*, 24 Wis., 350 ; *Sharpless* v. *Philadelphia*, 21 Pa. St. ; *List* v. *Wheeling*, 7 W. Va., 501 ; *Minot* v. *West Roxbury*, 112 Mass., 17 ; *Barron* v. *City of Baltimore*, 7 Pet., 243 ; *Crenshaw* v. *Slate River Co.*, 6 Rand., 245 ; *James River & Kanawha Co.*, v. *Turner*, 9 Leigh, 313 ; *Allen* v. *Inhabitants of Jay*, 60 Maine, 124 ; *Brewer Brick Co.* v. *Inhabitants of Brewer*, 62 Maine, 62 ; *C. D. & Vin. R. R. Co.* v. *Smith*, 62 Ill., 268 ; Cooley Cons. Lim., 292; 47 Ind., 407 ; 16 Am. R., 732; *Goddin* v. *Crump*, 8 Leigh, 120.

*J. Dallas Ewing*, for defendant below and defendant in error:

The bonds are not for a municipal purpose and are, therefore, void.

Constitution Art. 10, §9 ; *Sharpless* v. *Mayor of Philadelphia*, 21 Pa. St., 147; *Hanson* v. *Vernon*, 27 Iowa, 28 ; *Lowell* v. *Boston*, 15th Am. R., 38 ; *Loan Association* v. *Topeka*, 20 Wall., 655 ; *Curtis's adm'r et al.* v. *Whipple et al.*, 1 Am. R., 187.

The issuing of the bonds is also in conflict with art. 3 sec. 9 of our State Constitution, and with a similar provision of the Constitution of the United States.

*Beekman* v. *Saratoga & Schenectady R. R. Co.* 3 Paige, 73 ; *Varic* v. *Smith*, 5 Paige 159 ; *Wilkinson* v. *Leland*, 2 Pet., 657 ; *Witham* v. *Osburn*, 18 Am. R., 287 ; *God-*

1877.
June Term.

The Ohio Valley
Iron  Wor
v,
The Town of
Moundsville.

*din* v. *Crump*, 8 Leigh, 120; *Lowell* v. *Boston*, 15 Am. R., 39; *Allen* v. *Inhabitants of Jay*, 11 Am., 139.

MOORE, JUDGE, delivered the opinion of the Court:

The main question for our consideration is the legality of the issuance of these bonds.

The act under which they purport to have been issued was intended to put in operation the eighth section of article 10 of the Constitution of 1872; which said section was construed by this Court in *List* v. *Wheeling*, 7 West Va. 503, in which it was held that said section, "is not addressed alone to the Legislature, but is addressed to the several counties, cities, etc., and all other departments and persons in the State, and took effect and became binding and operative, so far as it is prohibitory and restrictive in its provisions, upon counties, cities, etc., on and from the 22d day of August, 1872," and that said section was not intended to, and does not in anywise interfere with, or prevent the levying, collecting, and expenditure, annually, by authority of law, by the proper legal authorities of the several counties, cities, etc., taxes for county, city, etc., purposes, and to do, and cause to be done, whatever is necessary or proper for that purpose, including the making, or causing to be made, contracts touching the expenditure of the taxes so levied and collected annually, and the like." That construction of the said eighth section, when taken in connection with the *ninth* section of the same article, makes it evident that it was not the intention of the Constitution to authorize the Legislature to empower cities, towns or municipal corporations to issue bonds for other than municipal or corporate purposes. If the proposition contended for by the appellant be true, that the legislative act referred to gave the town of Moundsville power to issue bonds for the aid of individual interests, or private purposes and gain, to be paid by taxation, it would be clearly a subversion of the implied reservations of individual rights; it would be the exercise of an arbi-

1877.
June Term.

The Ohio Valley
Iron Works
v.
The Town of
Moundsville.

trary power contrary to the theory of our government, contrary to the manifest intention of the Legislature in creating the act referred to, and the spirit of the Constitution of the State, and in direct antagonism to the adjudications, almost innumerable, by the courts of highest authority. As has been well said : " To lay with one hand the power of the government on the property of the citizen, and with the other to bestow it upon favored individuals to aid private enterprises and build up private fortunes, is none the less a robbery because it is done under the forms of law and is called taxation. This is not legislation. It is a decree under legislative forms." The principle has been so often adjudicated it is not necessary to cite other authority than the case of *Loan Association* v. *Topeka*, 20 Wallace 655, in which Mr. Justice Miller elaborates the question and cites the leading cases thereon.

In the case before us, it is conceded, and the record shows, that the donation of the bonds to the company were without consideration, that they were in aid of private enterprise solely, that the town had no stock, or other interest in the company, received none of the profits, had no control over its affairs, but had voluntarily made a gratuitous donation of the bonds which were expected to be paid by taxation. I am satisfied that such a transaction was not within the meaning of the legislative act relied on, but was contrary to the spirit of the Constitution and to the fundamental principles of private rights, and that said bonds are illegal, null and void. The judgment of the circuit court should be affirmed with costs and damages, $30.

JUDGMENT AFFIRMED.